IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COREY A. OGDEN,

        Petitioner,

    v.

BRANDON KELLY,

        Respondent.

Case No. 6:23-cv-00638-HZ

OPINION AND ORDER

Corey A. Ogden
10721206
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR 97882-9419

    Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
James Aaron, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his continued detention within the Oregon Department of Corrections. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

In 1996, Petitioner pled guilty to one count of Felony Murder and one count of Robbery in the First Degree. Respondent's Exhibit 103. The Plea Agreement provided, in part, "I know that when I plead Guilty/No Contest to the charge(s) in paragraph 7, the maximum possible sentence is Life + 20 years in prison" and that "the Court can impose a minimum sentence of 25 + 10." Respondent's Exhibit 103, p. 1. The trial court accepted Petitioner's guilty pleas and sentenced him to life in prison with the possibility of parole after serving a minimum of 25 years. Respondent's Exhibit 101, p. 5.

After serving 25 years in custody, Petitioner filed a state habeas corpus action in which he alleged that he had served his sentence in full. Respondent's Exhibit 104. He asserted that he "entered into a plea agreement for 25 years in prison, and his judgment of conviction imposed a determinate 25 year sentence." *Id* at 2. The state habeas court, adopting the State's arguments, concluded that Petitioner was entitled only to a hearing with the Board of Parole and Post-Prison Supervision after 25 years, not automatic release. Respondent's Exhibits 106 & 107. The Oregon Court of Appeals affirmed the state habeas court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Ogden v. Kelly,* 320 Or. App. 681, 512 P.3d, *rev. denied,* 370 Or. 212, 519 P.3d 537 (2022).

Petitioner filed this federal habeas corpus case on May 1, 2023 and raises a single ground for relief. He alleges that he entered into a plea agreement that carried with it a 25-year

determinate prison sentence yet the State refuses to release him despite his service of that entire sentence. Petition (#2), p. 5. Respondent asks the Court to deny relief because the record belies the claim.[1]

## DISCUSSION

### I.    Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the

---

[1] Respondent alternatively reads Petitioner's claim as potentially arguing that he *believed* he was agreeing to a determinate sentence of 25 years in custody. That is not the claim Petitioner appears to raise and, even if it were, such a claim would not entitle him to relief because: (1) he did not present that claim in any state court proceeding, leaving it procedurally defaulted; and (2) the claim is untimely because, after Petitioner signed the Plea Petition allowing for a life sentence and the trial court sentenced him to an indeterminate life sentence in 1996, he had one year in which to file for habeas relief alleging that he had been misled. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982) (requiring federal habeas petitioners to first raise their claims to the highest state court before presenting them in federal court); 28 U.S.C. 2244(d)(1)(A) (one-year federal habeas statute of limitations begins to run after the conclusion of direct review or the time for seeking such review);  28 U.S.C. 2244(d)(1)(D) (one-year statute of limitations may also begin to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence).

Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

**II.    Analysis**

The state habeas court determined that Petitioner was sentenced to an indeterminate life sentence with the possibility of parole after 25 years, not a determinate 25-year sentence. Respondent's Exhibits 106 & 107. That conclusion on a matter of state law is binding in this federal habeas proceeding and is dispositive of the claim he raises. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Floyd v. Filson*, 949 F.3d 1128, 1146 (9th Cir. 2020) (even a state court's misreading of state law is not a ground for habeas corpus relief). Accordingly, the state habeas court's resolution of Petitioner's claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

Although not obligated to do so, the Court has conducted an independent review of the record in an attempt to ascertain Petitioner's source of confusion regarding his sentence. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (independent review required only when a state court provides no rationale for its decision). The Plea Petition advised Petitioner that the

District Attorney would seek a 25-year sentence for Felony Murder, not life with a 25-year minimum.[2] Respondent's Exhibit 103. After the trial judge accepted Petitioner's guilty pleas and imposed an indeterminate life sentence, a different judge of the Multnomah County Circuit Court revoked Petitioner's probation stemming from an earlier crime and specifically referenced the basis for doing so as a "New murder conviction **with 25 year sentence** by Jg. Ellis." Respondent's Exhibit 102, p. 2 (bold added). Judge Ellis' Judgment, although imposing an indeterminate life sentence for the Felony Murder conviction, also labels the sentence as a "DETERMINATE SENTENCE," while the State in this federal habeas case characterizes the face of the Judgment as showing "an indeterminate term" of imprisonment. *Compare* Respondent's Exhibit 101, p. 5 *with* Response (#16), p. 1.

Despite any potential ambiguity created by the foregoing, the Plea Petition specifically provided that the judge could impose a maximum sentence of life plus an additional 20 years in prison; it did not advise Petitioner that the law prevented the judge from imposing a sentence in excess of 25 years. Respondent's Exhibit 103. In addition, the statute governing Petitioner's conviction for Felony Murder required the trial judge to sentence Petitioner to "imprisonment for life" and "confine[ him] for a minimum of 25 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp." ORS 163.115(5)(a) & (b) (1995). This statutory framework simply reiterated Oregon's Measure 11 mandatory minimum sentencing statute (ORS 137.700) that took effect approximately six months before Petitioner committed his crimes. *State v. Francis*, 154 Or. App. 486, 491, 962

---

[2] Respondent has not provided a copy of the sentencing transcript to this Court, so it is not clear what the prosecutor recommended at that proceeding.

P.3d 45 (1998) (Measure 11 "merely reiterates the mandatory minimum requirement contained in ORS 163.115(5)(b) (1995).").

Consistent with the foregoing, Judge Ellis sentenced Petitioner to an indeterminate life sentence with a 25-year minimum term. Respondent's Exhibit 101, pp. 4-7 (referencing "A term for **LIFE IMPRISONMENT WITH A MINIMUM OF 25 YEARS (300 MONTHS) WITHOUT ANY POSSIBILITY OF RELEASE**") (bold and capitalization in original). Judge Ellis therefore imposed the sentence that the law required and issued a Judgment that clearly requires Petitioner to serve an indeterminate life sentence without the possibility of release for a *minimum* of 25 years. Respondent's Exhibit 101, p. 5.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

April 10, 2024
DATE

Marco A. Hernandez
United States District Judge